[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-10807 & 13-13047
Non-Argument Calendar
_____

Agency No. A096-514-033

GERSON NOEL ALBORNOZ SOLANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of Decisions of the
Board of Immigration Appeals
_____

(September 30, 2014)

Before HULL, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Gerson Noel Albornoz Solano ("Albornoz") seeks review of the Board of Immigration Appeals's ("BIA") (1) order denying his motion to reopen his removal proceedings, filed pursuant to 8 C.F.R. § 1003.2(c), and (2) order denying his motion to reconsider the BIA's prior denial of reopening, filed pursuant to 8 C.F.R. § 1003.2(b).  After review, we deny Albornoz's petitions for review, which were consolidated as this one appeal.

## I.  BACKGROUND

### A.    2008-2011 Removal Proceedings

Albornoz is a native and citizen of Venezuela.  In February 2002, Albornoz arrived in Miami as a nonimmigrant visitor with authorization to remain until February 4, 2003.  On January 2, 2008, Albornoz was served with a Notice to Appear, charging him with removability as an alien who had remained in the United States for a time longer than permitted, under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

Albornoz filed a pro se application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on his political opinion and his membership in political groups.  Albornoz claimed that he feared he would be harmed if returned to Venezuela because of his work against the government of President Hugo Chavez and his beliefs in freedom of expression and democracy.  Albornoz also indicated that he had married his now ex-wife, a

2

United States citizen, in 2005.  Albornoz submitted evidence to support his claim that he had been tortured, beaten, threatened, and detained for opposing the Chavez government.

On April 22, 2008, Albornoz conceded removability.  On June 1, 2010, an Immigration Judge ("IJ") granted Albornoz's motion to substitute Claudia Del Castillo-Hronsky as his attorney.  Castillo-Hronsky was Albornoz's third attorney.[1]

During his removal hearing on January 12, 2011, Albornoz testified that, on December 16, 2001, two men attacked, kidnapped, and, after drinking alcohol, sexually abused him.  The men told Albornoz that it was "a consequence of [his] work against the government of Chavez."  On cross-examination, Albornoz admitted that he had not told the asylum officer that he had been sexually abused.

The IJ found that Albornoz's asylum claim was time-barred, and, in any event, his testimony was not credible or plausible.  Albornoz did not provide sufficient detail to establish that he would be singled out by the Chavez government over other political dissidents, and made inconsistent and inaccurate statements concerning his past mistreatment.  Accordingly, the IJ denied Albornoz's claims for asylum, withholding of removal, and CAT relief.  On January 23, 2012, the BIA agreed with the IJ's adverse credibility determination and dismissed Albornoz's appeal.

---

[1]Prior to Castillo-Hronsky, Albornoz retained Anthony Alvarez and then Juan Gonzalez as counsel.

3

**B.    2012 Motion to Reopen**

Over nine months later, on November 9, 2012, Albornoz filed a counseled motion to reopen proceedings, asserting that his former counsel, Castillo-Hronsky, rendered ineffective assistance. In addition to alleging a general failure to prepare and communicate regarding his case, Albornoz argued that Castillo-Hronsky materially prejudiced the outcome by failing to investigate and pursue an asylum claim based on Albornoz's homosexuality.

Before discussing Albornoz's 2012 motion to reopen, we note that neither Albornoz's 2008 asylum application, nor his 2011 testimony, asserted or even alluded to his sexual orientation or any alleged persecution based on sexual orientation.

In his 2012 motion to reopen, Albornoz for the first time claimed that he was persecuted in Venezuela in 2001 because of his sexual orientation. Albornoz recounted that in Venezuela (1) in January 2001, he was physically assaulted and called a "faggot," and (2) that, in the above attack on December 16, 2001, where Chavez's men beat, kidnapped, and brutally gang raped Albornoz, Chavez's men called him a "fag" and forced him to perform oral sex on them. While Albornoz's testimony in the removal hearing had referenced this December 16, 2001 attack by Chavez's men, Albornoz's motion to reopen now added that Chavez's men called

4

him these names and forced him to perform oral sex.  Thus, Albornoz now contended Chavez's men believed he was a homosexual.  Albornoz's motion to reopen asserted that counsel Castillo-Hronsky unreasonably failed to make a claim for asylum relief based on his real or perceived sexual orientation.  Alternatively, Albornoz asked the BIA to exercise its discretion and reopen his proceedings.

Albornoz's motion also indicated that he had been with his partner William Kammer since 2006 and that Kammer had attended and participated in his meetings with Castillo-Hronsky.  Albornoz also filed numerous documents in support of his motion to reopen, including his own affidavit, Kammer's affidavit, and an email from Castillo-Hronsky responding to Albornoz's allegations of ineffective assistance.  Albornoz also submitted articles and reports discussing the mistreatment of homosexuals in Venezuela.

In his affidavit, Albornoz affirmed that, based on his interaction with Kammer during his meetings with Castillo-Hronsky, any reasonable person would have known they were a couple.  According to Albornoz, he had informed Castillo-Hronsky of the December 16, 2001 gang-rape incident by Chavez's men during their fourth meeting, but she failed to follow up on the matter.  Notably, in his motion to reopen and affidavit, Albornoz stated that he told Castillo-Hronsky that he was "gang-raped" but did not allege that he specifically told Castillo-Hronsky about Chavez's men calling him a "fag" or a "faggot," or about the forced oral sex.

5

Castillo-Hronsky never told Albornoz that he might be eligible for relief based on his homosexuality. Because her questioning during his removal hearing pertained only to the information in his asylum application, Albornoz did not explain to the IJ that the motivation for the gang rape and torture could have been based on his sexual orientation as well as his political opinion.

Kammer, who was significantly older than Albornoz, affirmed in his affidavit that Castillo-Hronsky had never asked about Albornoz's sexual orientation or the nature of his relationship with Kammer. Kammer also stated that such inquiry was unnecessary because it was obvious that the two men were romantically involved.

In her email, filed by Albornoz with his motion to reopen, Castillo-Hronsky stated that she did not know Albornoz was homosexual at the time of the representation, as Albornoz had never told her that he was homosexual or that he had been persecuted for that reason. An elderly man, whom Albornoz described as his friend and boss and whom Castillo-Hronsky believed to be a concerned father figure, had accompanied Albornoz to Castillo-Hronsky's office and paid Albornoz's legal fees. Castillo-Hronsky believed that Albornoz's sexual orientation was irrelevant in light of his prior marriage to a woman and Albornoz's continued representations to her that he had been persecuted only because of his political opinion.

On January 25, 2013, the BIA denied Albornoz's November 9, 2012 motion to reopen as untimely because it was filed more than 90 days after the BIA's January 23, 2012 decision. See INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that a motion to reopen must be filed within 90 days of the entry of a final removal order). The BIA noted that the filing deadline may be tolled in certain cases showing ineffective assistance of counsel, but Albornoz had made no claim that equitable tolling applied to excuse his untimely motion. Further, Albornoz did not specifically assert that his ineffective-assistance claim warranted reopening sua sponte or submit evidence of any exceptional circumstance that would warrant such action.

Nevertheless, the BIA went on to address the merits of Albornoz's ineffective-assistance claim based on Castillo-Hronsky's alleged failure to inform Albornoz that his homosexuality could be a basis for asylum relief. Notably, the BIA explained, Albornoz did not allege in his motion to reopen or accompanying affidavit that he had ever informed Castillo-Hronsky that he was homosexual, only that she should have known. Nor did Albornoz challenge Castillo-Hronsky's statements that she did not know of his homosexuality and that Albornoz had told her that Kammer was his friend and boss, and that Albornoz was previously married to a woman.

The BIA concluded that the totality of the evidence did not establish incompetent representation by Castillo-Hronsky. Moreover, Albornoz failed to show the requisite prejudice, as he did not specifically assert that Castillo-Hronsky was at fault for the IJ's adverse credibility finding. Even if Albornoz had testified that he was persecuted in 2001 based on his sexual orientation as well as his political opinion, the outcome would not likely have been different. For these reasons, Albornoz failed to demonstrate an exceptional situation that would warrant reopening sua sponte.

## C.    2013 Motion to Reconsider

Albornoz filed a motion to reconsider the BIA's denial of his motion to reopen, in which he raised three arguments. First, Albornoz's motion to reconsider asserted Albornoz was entitled to equitable tolling of the 90-day deadline to file a motion to reopen based on his ineffective-assistance claim. Albornoz acknowledged that he had not raised the equitable tolling issue previously in his 2012 motion to reopen because equitable tolling was prohibited at that time and until this Court subsequently ruled in Avila-Santoyo v. U.S. Attorney General, 713 F.3d 1357 (11th Cir. 2013) (en banc).

Second, Albornoz argued that the BIA should have sua sponte reopened the case based on the "substantial and credible" evidence presented in Albornoz's motion to reopen, supporting his claim that Castillo-Hronsky's failure to identify

8

actual or imputed sexual orientation as a ground for relief constituted deficient performance. Albornoz claimed the BIA's previous decision relied on "speculation and conjecture" and ignored that Albornoz was gang raped and forced to perform oral sex on Chavez's men, and that these known facts should have alerted Castillo-Hronsky that she needed to develop a claim based on his sexual orientation or imputed sexual orientation. Third, Albornoz argued that the BIA erred in requiring Albornoz to overcome an adverse credibility finding in a proceeding tainted by ineffective assistance.

On June 5, 2013, the BIA denied Albornoz's motion to reconsider. The BIA recognized that the law as to equitable tolling had changed in Avila-Santoyo and assumed, without deciding, that equitable tolling applied to Albornoz's earlier motion to reopen, making it timely filed.[2]

As to the merits issues, however, the BIA concluded that Albornoz did not identify any errors of fact or law in its prior merits decision on the motion to reopen, which addressed Albornoz's ineffective-assistance claim and concluded

---

[2]Several months after the BIA denied Albornoz's motion to reopen, but before Albornoz filed his initial brief in this Court, this Court held in Avila-Santoyo v. U.S. Attorney General, 713 F.3d 1357, 1364-65 (11th Cir. 2013) (en banc), that the 90-day filing deadline for a motion to reopen is subject to equitable tolling. The BIA did assume equitable tolling could apply when it ruled on Albornoz's subsequent motion to reconsider, and, thus, it is unnecessary for us to remand the case to the BIA for a determination of whether Albornoz is entitled to equitable tolling in light of Avila-Santoyo. In denying Albornoz's motion to reconsider, the BIA assumed that the 90-day filing deadline was tolled but nonetheless ruled on the merits of Albornoz's ineffective-assistance claim and found that Albornoz failed to show any error in its analysis of the merits of his ineffective-assistance claim, and, thus, reconsideration was unwarranted.

that he failed to show that Castillo-Hronsky provided incompetent representation. In particular, the BIA noted that Albornoz contends that the BIA's prior decision on the motion to reopen did not analyze his claim that Castillo-Hronsky should have explored an asylum application based on "imputed sexual orientation."  In his motion to reconsider, Albornoz argued that even if Castillo-Hronsky did not know he was homosexual, she nevertheless should have explored a claim based on imputed sexual orientation because Albornoz had told her he was gang raped and forced to perform oral sex on Chavez's men.

The BIA rejected Albornoz's argument, noting he failed to raise this claim in his earlier motion to reopen.  Specifically, Albornoz's motion to reopen did allege that Chavez's men forced him to perform oral sex and called him a "fag" and a "faggot."  But that motion to reopen did not contend that Albornoz had told Castillo-Hronsky about the oral sex or name calling or that Castillo-Hronsky should have known of his sexual orientation because of the oral sex or name calling.  Further, the BIA stressed that, at his removal hearing, Albornoz specifically testified that he was told by his attackers that he was targeted because of his work against Chavez's government.  Thus, Albornoz's testimony at the removal hearing did not suggest a claim that his attackers had imputed homosexuality to him or that his actual or imputed homosexuality was sufficiently related to the attack so as to qualify Albornoz for asylum relief.

10

The BIA also acknowledged Albornoz's claims that he was attacked and beaten by Chavez's men on multiple occasions, but noted that Albornoz alleged only one instance of sexual assault on December 16, 2001.  In sum, the BIA concluded that the totality of the circumstances did not support Albornoz's argument that any competent counsel would have pursued an asylum claim based on sexual orientation, whether actual or imputed.  Albornoz also failed to identify any error in the BIA's prior decision insofar as it addressed the IJ's adverse credibility finding.  Finally, the BIA again declined to reopen the case sua sponte.

## II.  DISCUSSION

### A.    Motion to Reopen

An alien has a right to effective assistance of counsel in removal proceedings and may challenge a violation of this right by filing a motion to reopen.  See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005).  To obtain reopening based on ineffective assistance of counsel, an alien must show that "the performance of counsel [was] so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different."  Id. at 1274.[3]

---

[3]We review the denial of a motion to reopen for abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  Id.

11

Here, the BIA did not abuse its discretion in denying the merits of Albornoz's motion to reopen based on ineffective assistance of counsel.[4]  The record as a whole supports the BIA's determination that Albornoz failed to show that Castillo-Hronsky's performance was deficient or that her performance prejudiced the outcome of his removal proceedings.  See Dakane, 399 F.3d at 1274.

Albornoz did not allege in his motion to reopen that Castillo-Hronsky knew that he was homosexual or that he feared persecution in Venezuela for that reason.  Although Albornoz alleged that Chavez's men had called him a "fag" and had forced him to perform oral sex, his motion to reopen and its accompanying affidavits did not indicate that Albornoz told Castillo-Hronsky of these facts or that she knew them.  Moreover, Castillo-Hronsky stated, and Albornoz did not dispute, that Albornoz had told her about his ex-wife, had described Kammer as his friend and boss, and had only identified political opinion as the reason for his persecution.  Under these circumstances, we cannot say that the BIA abused its discretion in concluding that Castillo-Hronsky was not incompetent in failing to raise a ground for relief of which she had no knowledge.

---

[4]To the extent Albornoz challenges the BIA's discretionary decision to deny sua sponte reopening, we lack jurisdiction to review this claim.  See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1293 (11th Cir. 2008).  Although the BIA originally evaluated the merits of Albornoz's ineffective-assistance claim in the context of whether to deny sua sponte reopening, the BIA subsequently made clear in its denial of the motion to reconsider that this analysis also supported its decision to deny the motion to reopen.  Thus, we have jurisdiction to review the BIA's disposition of Albornoz's ineffective-assistance claim as it relates to his motion to reopen.

Furthermore, the BIA was within its discretion in concluding that Albornoz failed to show prejudice.  In discrediting Albornoz's testimony, the IJ expressed doubt as to whether the December 16, 2001 incident of sexual abuse by Chavez's men had happened.  As the BIA pointed out, there was no reasonable probability that any additional testimony that the alleged December 16 attack was also motivated by Albornoz's sexual orientation would have altered the IJ's adverse credibility finding and subsequent denial of relief.

## B.    Motion to Reconsider

A motion to reconsider must specify the errors of law or fact in the prior BIA decision and must be supported by pertinent authority.  See INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (citing 8 C.F.R. § 1003.2(b)(1)).  A motion to reconsider that merely reiterates arguments previously presented to the BIA does not specify errors of fact or law "as required for a successful motion to reconsider." Calle, 504 F.3d at 1329.[5]

Here, the BIA also did not abuse its discretion in denying Albornoz's motion to reconsider based on its determination that Albornoz had not identified any error in its prior decision on the motion to reopen.  We are not persuaded by his contention that the BIA failed to properly assess the "substantial and credible"

---

[5]We review the BIA's denial of a motion to reconsider for abuse of discretion.  Id. at 1328.

evidence of Castillo-Hronsky's incompetent and prejudicial performance. As the BIA explained, it did not ignore Albornoz's claims that he was gang raped and called a "fag" or a "faggot." Rather, the BIA pointed out that, until the motion to reconsider, Albornoz had never made a claim that Castillo-Hronsky should have raised a sexual orientation persecution claim based on these aspects of the December 16, 2001 event.

To the extent that Albornoz argues the BIA mistakenly found that he had failed to allege sexual abuse in his motion to reopen, Albornoz mischaracterizes the BIA's findings. The BIA determined that Albornoz had not asserted that Castillo-Hronsky <u>knew</u> that Albornoz was forced to perform oral sex on Chavez's men while they called him a "fag." This was not factual error. Because Albornoz's motion to reconsider did not specify any errors of law or fact in the BIA's denial of his motion to reopen, we conclude that the BIA did not abuse its discretion in denying reconsideration. <u>See</u> <u>Calle</u>, 504 F.3d at 1329.

### III. CONCLUSION

Because the BIA did not abuse its discretion in denying Albornoz's motions to reopen and reconsider, we deny his petitions for review.

**PETITIONS DENIED.**

14